**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE INSURANCE,<br><br>　　　　　　Defendant. | 3:20-cv-00409-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Heath Fulkerson's ("Fulkerson"), application to proceed *in forma pauperis* (ECF No. 1), his motion to submit complaint (ECF No. 1-2), and his complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Fulkerson's *in forma pauperis* application (ECF No. 1) be granted, his motion to submit complaint (ECF No. 1-2) be granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice.

**I.**　***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Fulkerson cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)

1  is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a
2  claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*
3  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

4        The Court must accept as true the allegations, construe the pleadings in the light
5  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*
6  *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints
7  are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*
8  *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

9        A complaint must contain more than a "formulaic recitation of the elements of a cause
10 of actions," it must contain factual allegations sufficient to "raise a right to relief above the
11 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
12 must contain something more. . . than. . . a statement of facts that merely creates a suspicion
13 [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a
14 minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible
15 on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

16       A dismissal should not be without leave to amend unless it is clear from the face of
17 the complaint the action is frivolous and could not be amended to state a federal claim, or
18 the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,
19 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

20 **III.   SCREENING OF COMPLAINT**

21       Fulkerson filed this action *pro se* against Allstate Insurance ("Allstate") for "property
22 liability and insurance bad faith" related to two separate incidents, one on September 20,
23 2019 and the other on October 5, 2019, in which Fulkerson filed claims related to injuries
24 that occurred on his father's property. (ECF No. 1-1 at 1-2.) Fulkerson claims his father,
25 Larry M. Fulkerson, had renter's insurance through Allstate. (*Id.* at 1.) Fulkerson asserts
26 that the injuries were not covered by Allstate even though the policy was active, and Allstate
27 issued false documents and a denial letter stating they had performed an investigation,

"without actually performing an investigation." (*Id.* at 2.) Fulkerson seeks "reinstatement of each claim with proper coverage," as well as actual damages in excess of $750,000 and compensatory damages in excess of $1,250,000. (*Id.* at 2-3.) For the reasons discussed below, the court finds that Fulkerson's complaint should be dismissed as frivolous because its claims are duplicative of claims in another of Fulkerson's pending actions.

Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See Cato*, 70 F.3d at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

The claims raised in Fulkerson's complaint against Allstate are directly related—and are in fact identical—to those raised in another action filed by Fulkerson in Case No. 3:20-cv-00399-MMD-CLB. The complaints in both cases are identical and thus entirely duplicative. (*Compare* ECF No. 1-1 in Case No. 3:20-cv-00409-MMD-CLB, *with* ECF No. 1-1 in Case No. 3:20-cv-00399-MMD-CLB.) Accordingly, such claims are improperly raised in the complaint in the instant case, as they are frivolous and should be dismissed with prejudice.

**IV.    CONCLUSION**

Consistent with the above, the court finds that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(i). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Fulkerson's motion to submit complaint (ECF No. 1-2) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**.

**DATED:** October 13, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**